IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-167-FL

| | |
|---|---|
| FREDERICK C. BRONSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WILLIAM E. PATTERSON, CODE ) | |
| ELECTRIC, INC., ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion of Defendants to limit particular individuals from attending a court-hosted settlement conference to be held before the undersigned on Friday, October 24, 2014. Plaintiff was provided an expedited period in which to respond to the motion and has done so. [DE-32].

I.

On September 26, 2014, in response to a joint request by the parties, the undersigned was appointed to conduct a court-hosted settlement conference in this matter. [DE-26]. The conference is scheduled to be held on October 24, 2014 in Raleigh, North Carolina. On October 14, 2014, Defendants filed the instant motion to limit the attendees at the conference. [DE-30]. In particular, Defendants seek to limit the attendees at the conference to the parties, Plaintiff's spouse, a representative from Defendants' insurance carrier, and their attorneys. Defendants state further that if Plaintiff, who is presently *pro se*, retains counsel, such counsel should file a notice of appearance with the court prior to the settlement conference. Defendants also move the court to order that all discussions occurring in the conference be confidential.

In support of the motion, Defendants indicate they received a text message from Plaintiff in which he stated that he may be accompanied at the settlement conference by four persons, including two members of the media. Plaintiff has identified two of the individuals by name. However, according to Defendants, Plaintiff has never before mentioned these persons as having knowledge of facts material to this case. Defendants state further that Plaintiff neither identified these persons in discovery nor did Plaintiff name them in his initial disclosures, the time for which to supplement has expired. Finally, Defendants argue that settlement discussions between the parties during a mediation are typically confidential and not subject to disclosure to third parties by attendees, and Plaintiff should therefore be ordered to keep settlement discussions at the conference confidential.

In his response, Plaintiff has identified four individuals, as either reporters or immigration advocates, who would attend the court-hosted settlement conference "to take notes, and observe if a settlement is not reached and it goes to trial." [DE-32].

II.

Local rules governing court-hosted settlement conferences require certain individuals to be physically present at the conference. *See* Local Civil Rule 101.2(d). These attendance requirements may be modified if in the judicial officer's discretion such allowance will not interfere with the expeditious settlement of the case. In fact, this court has entered an order directing the attendance of certain individuals as well as informing the parties of the court's expectations regarding the manner in which the conference will proceed. The order provides the appropriate framework to aide the settlement process. While the local rules do not explicitly bar individuals from attending court-hosted settlement conferences, the rules invest the judicial

2

officer conducting such a conference with wide discretion in implementing measures to appropriately control the conference in a way that encourages parties to be candid so that the court may properly guide settlement discussions and in a manner which promotes the ultimate goal of the conference, that is, settlement of the case. *See* generally Local Civil Rule 101.2.

The individuals whom Plaintiff has identified are neither among those required to attend per local rules nor as directed by the court in its previous order. Furthermore, it is unclear to this court how anyone other than the persons identified by the court as being required to attend and participate in the mediation process may promote the settlement of this case. Accordingly, Defendants' motion is ALLOWED IN PART: the attendees at the court-hosted settlement conference shall be limited to the parties, Plaintiff's spouse, a representative from Defendants' insurance carrier, and their attorneys. Additionally, if Plaintiff, who is presently *pro se*, retains counsel, such counsel shall file a notice of his/her appearance with the court prior to the court-hosted settlement conference. Finally, while Defendants' description regarding the confidential nature of settlement proceedings is accurate, the court will address the confidential nature of settlement with the parties at the conference.

III.

For the following reasons, Defendants' motion is ALLOWED IN PART.

So ordered the 20th day of October 2014.

Robert B. Jones, Jr.
United States Magistrate Judge